## No. 26.

### M. BOURDETTE *v.* BOARD OF SCHOOL DIRECTORS.

1. Damages resulting from a failure to observe the conditions of a contract of lease, requiring the lessee to keep and return in good order the leased premises, are due from the date of demand by lessor.
2. The right to sue for and recover such damages arises *ex contractu*, and the prescription applicable to an action arising *ex delicto*, does not apply.

*Appeal from the Superior District Court.*

*Chas. F. Claiborne* for plaintiff.
*Alfred Shaw* for defendant.

ROGERS, J.—Plaintiff alleges that by act before A. Mazureau, notary, on the 7th November, 1868, she leased certain property to the Board of School Directors, defendant, for a term of years; that possession was held 'by defendant until March, 1873. The premises were in perfect order and repair at the date of said lease; and the lessees had by the terms of the contract of lease bound themselves to keep during the lease, and to return at the expiration thereof, the premises in the same good order and condition; that the defendant Board failed to so keep and return the premises, and plaintiff thereby sus-

tained damages to the extent of nine hundred and six dollars, for which she prays judgment, with legal interest from judicial demand. To this defendant filed four exceptions, only one, that of prescription, appears to have been passed upon in the District Court, and upon which judgment was rendered dismissing plaintiff's suit. This is now before us on appeal. The exception reads : "That if ever valid, the claim is prescribed." While we do not propose to direct counsel as to the manner and form of their pleadings, it is probably incumbent upon us to suggest that we are without authority or disposition to supply that which would either amplify or explain a plea. A claim may be prescribed by the lapse of one, three, ten or thirty years, and to simply urge, by way of *exception* "*that a claim is prescribed*" in the face of a jurisprudence settling that such a plea must be special and express, is submitting rather generously to the judicial temper.

For the purposes of this trial, the allegations of the petition must be taken as true. On their face, whatever they may result in after trial on the merits, they have arisen *ex contractu*. The right of action, as far as we can discover from the petition, arose in March, 1873, suit was filed in October, 1875, and service almost immediately made. Under such a statement of facts, we are at a loss to comprehend the exception that the claim is prescribed.

Judgment reversed and case remanded.